# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THEODORE W. OSWALD,

             Petitioner,

v.                                           Case No. 21-CV-1464

CHRIS BUESGEN,

             Respondent.

## ORDERS AND RECOMMENDATION

Before the court is Theodore W. Oswald's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although Oswald seeks leave to proceed without prepayment of the filing fee (ECF No. 5), he has paid the $5.00 filing fee. Therefore, his motion to proceed without prepayment of the filing fee is moot and will be dismissed as such.

The court must review Oswald's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Oswald acknowledges that he previously unsuccessfully sought habeas relief regarding the same underlying judgment.[1] Nonetheless, he argues that this petition is not a second or successive petition under 28 U.S.C. § 2244 because the grounds for his claim did not arise until after the resolution of his prior petition. (ECF No. 1 at 6); *see* 28 U.S.C. § 2244(b)(2)(B)(i). That argument, however, must be made to the Court of Appeals for the Seventh Circuit and only the court of appeals can grant him permission to file a second habeas petition. 28 U.S.C. § 2244(b)(3). Because Oswald has not obtained permission from the court of appeals, the court is without jurisdiction to consider the merits of his petition.

Alternatively, dismissal for lack of jurisdiction is appropriate because Oswald's petition does not challenge the lawfulness of his custody. "The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). Although Oswald is incarcerated, this does not vest the court with pendent jurisdiction to assess the lawfulness of non-custodial aspects of his sentence. *Id.* at 721.

---

[1] Oswald's first habeas petition was granted, *Oswald v. Bertrand*, 249 F. Supp. 2d 1078 (E.D. Wis. 2003); *Oswald v. Bertrand*, 374 F.3d 475 (7th Cir. 2004), but he was retried and again convicted. Following that conviction he sought and was denied habeas relief. *Oswald v. Thurmer*, No. 08-C-775, 2008 U.S. Dist. LEXIS 82377 (E.D. Wis. Sep. 19, 2008).

Oswald's claim is that prison officials are improperly collecting restitution from funds deposited into his prison trust account. Matters regarding restitution are not cognizable in habeas because they do not relate to the petitioner's custody. *See United States v. Rutigliano*, 887 F.3d 98, 107 (2d Cir. 2018); *Parker v. Darby*, 599 F. App'x 348, 350 (10th Cir. 2015); *see also Virsnieks*, 521 F.3d at 718 ("courts have held that orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement) (citing, in relevant part, *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996)). That Oswald's claims are limited to challenging the deduction of funds is supported by the fact that, in his request for relief, he asks only that it declare the state court's order void. (ECF No. 1 at 12.) He does not seek release from custody.

In an attempt to connect the deduction of funds from his trust account to "custody," Oswald may be arguing that, if restitution was not deducted from his account, he could use the money to increase his lifespan, and therefore he may be able to live until his parole eligibility date of March 1, 2234 (at which time he would be 258 years old). However, it is unclear if this is what Oswald is actually arguing; the court may be reading too much into his statements regarding the expected lifespans of prisoners and the availability of life-sustaining treatments. In any event, Oswald has not plausibly alleged that the deduction of funds to satisfy his restitution obligations satisfies the custody element of 28 U.S.C. § 2254(a) (or 28 U.S.C. § 2241(c), which Oswald suggests might be an alternative basis for his claim).

Finally, the court notes that it appears that Oswald's petition is untimely. He indicates that the Wisconsin Supreme Court denied his petition for review on September 16, 2020. (ECF No. 1-3 at 6.) His petition was not filed until at least December 15, 2021. (ECF No. 1 at 13.) As a collateral challenge to his conviction, the one-year statute of limitations under 28 U.S.C. § 2244(d) was not extended by the 90-days during which Oswald could have sought review by the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). However, because that defect is not jurisdictional, *Holland v. Florida*, 560 U.S. 631, 645 (2010), the court does not address it further at this stage.

**IT IS THEREFORE ORDERED** that Oswald's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is moot and dismissed as such.

**IT IS FURTHER ORDERED** that Oswald's "Motion for Consideration of the Plaintiff's Appendix to His Memorandum in Support thereof" (ECF No. 3) is **granted** based on the understanding that the motion asks the court to consider the documents docketed as ECF No. 1-3.

**IT IS FURTHER RECOMMENDED** that Oswald's petition for a writ of habeas petition be dismissed for lack of jurisdiction as a successive petition. Alternatively, insofar as the petition is construed as a request for leave to file a successive petition, it is recommended that the matter be transferred to Court of Appeals for the Seventh Circuit, *see Abdur'Rahman v. Bell*, 537 U.S. 88, 92, 123 S. Ct. 594, 596 (2002) (Stevens, J.,

dissenting to dismissal of the writ of certiorari as improvidently granted) (noting the availability of transfer pursuant to 18 U.S.C. § 1631), or dismissed for lack of jurisdiction because the Oswald's claims do not relate to his custody.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 14th day of January, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge