UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE W OSWALD,

                Petitioner,

v.                                                                               Case No. 21-cv-1464-bhl

WARDEN CHRIS BUESGEN,

                Respondent.

## SCREENING ORDER

      On December 27, 2021, Petitioner Theodore W. Oswald filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254. (ECF No. 1.) On January 14, 2022, Magistrate Judge William E. Duffin screened the petition and issued a report and recommendation, recommending dismissal. (ECF No. 8.) On February 1, 2022, Oswald filed his objections to Judge Duffin's report. (ECF No. 12.)

      A district court reviews, de novo, any part of a magistrate judge's disposition to which a petitioner properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

      Oswald was originally convicted of 19 offenses in Waukesha County Circuit Court in 1995. *Oswald v. Bertrand*, 249 F. Supp. 2d 1078, 1081 (E.D. Wis. 2003). Because of serious improprieties in jury selection, though, Oswald obtained federal habeas relief with respect to that conviction. *See id.* He was then retried and reconvicted. *Oswald v. Thurmer*, No. 08-C-775, 2008 WL 4371512, at *1 (E.D. Wis. Sept. 22, 2008). And his second attempt at federal habeas stalled out. *See id.* As Judge Duffin noted, that makes this habeas petition Oswald's third overall, and the second related to his second conviction. (ECF No. 8 at 2.) Under 28 U.S.C. Section 2244(b)(3), Oswald was required to obtain the permission of the Seventh Circuit Court of Appeals before filing this successive petition. He did not do so. In his objections, Oswald argues that this is not a successive petition because the events giving rise to it occurred after the Court rejected his

2008 petition. (ECF No. 12 at 1.) This is irrelevant because that argument must be made before the Seventh Circuit, not the district court. 28 U.S.C. §2244(b)(3). Accordingly, this Court lacks jurisdiction to consider Oswald's petition.

The Court also lacks jurisdiction for a different reason. As highlighted in Judge Duffin's report, "[t]he United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). "In accordance with these principles, courts have held that orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement." *Id.* at 718 (citations omitted). Oswald's petition only challenges the government's ability to garnish his prison trust fund account in order to satisfy his restitution debt. (*See* ECF No. 1.) This garnishment has, at most, a negligible effect on his physical liberty, and "the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." *Virsnieks*, 521 F.3d at 718 (citations omitted). Oswald's objections argue that by garnishing his funds, the government is depriving him of the ability to make healthy purchases that would extend his life until his parole date. (ECF No. 12.) Considering that Oswald is not up for parole until after his 258th birthday, this argument is of little value. (ECF No. 8 at 3.)

After de novo review of those parts of Judge Duffin's recommendation to which Oswald objected, the Court finds the Report and Recommendation correctly recommended dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 8, is adopted, and the habeas petition is **DISMISSED**. A certificate of appealability will also be **DENIED**. The Court does not find that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge